UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
                      Civil No. 04-4308(DSD/SRN)


Qwest Dex, Inc., Dex Media,
Inc., and Dex Media East LLC,

        Plaintiffs.

v.                                                    **ORDER**

Hearthside Restaurant, Inc.,
d/b/a Hearthside Pizza; Hy's
Loan Office, Inc.; McMahon &
Associates Criminal Defense,
Ltd.; and all other similarly
situated,

        Defendants.


   Robert Cattanach, Esq., Shannon M. Heim, Esq. Theresa M.
   Bevilacqua, Esq. and Dorsey & Whitney, 50 South Sixth
   Street, Suite 1500, Minneapolis, MN 55402, counsel for
   plaintiffs.

   Michael W. Unger, Esq., Joshua A. Hasko, Esq. and Rider,
   Bennett LLP., 33 South Sixth Street, Suite 4900,
   Minneapolis, MN 55402, counsel for defendants.


     This matter is before the court upon defendants' motion to dismiss or, in the alternative, to confirm the arbitration award. Plaintiffs request that the court vacate the arbitration award. For the following reasons, defendants' motion is granted and plaintiffs' request is denied.

**BACKGROUND**

The underlying dispute in this matter concerns an advertisement agreement between the parties. Defendants Hearthside Restaurant, Inc., Hy's Loan Office, Inc. and McMahon & Associates Criminal Defense each contracted with plaintiffs Qwest Dex, Inc., Dex Media, Inc. and Dex Media East, LLC, to advertise in the 2003-2004 St. Paul Yellow Pages telephone directory. The contract agreement contains an arbitration clause that requires "[a]ny claim, controversy or dispute between the parties that arises under or relates to any Ad, Order, or this Agreement ... be resolved by binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. 1-16, not state law." (Compl. Ex. B, ¶ 11.) When a dispute arose concerning the date and number of the directory deliveries, defendants brought a class action against plaintiffs by filing a Demand for Arbitration with the American Arbitration Association. Defendants' claims included breach of contract, unjust enrichment and other violations of Minnesota state law.

The parties agreed to engage Judge Charles Flinn as arbitrator. The first issue to be resolved concerned whether the arbitration clause of the advertising contract allows arbitration to proceed on behalf of or against a class. On July 1, 2004, Judge Flinn held a hearing on that issue. The parties agreed that the arbitrator must apply Minnesota law when construing the arbitration clause. (See Hasko Aff. Ex. G at 2.) After the hearing, but

before Judge Flinn issued an award, the Minnesota Supreme Court overturned a case relied upon by plaintiffs to argue that defendants could not bring a class action.  See Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 805-07 (Minn. 2004) (consolidation of arbitration proceedings is allowed if not prohibited by statute or by agreement to arbitrate).  Judge Flinn then asked the parties to file supplemental briefs addressing the court's decision in Illinois Farmers.  On September 2, 2004, he issued a Clause Construction Award in favor of defendants, finding that the arbitration clause does not prohibit a class action.  The parties had thirty days to move a court of competent jurisdiction to confirm or vacate the award.

On October 1, 2004, plaintiffs filed this action, seeking to vacate the Clause Construction Award.  Defendants now move for dismissal for lack of subject matter jurisdiction or, in the alternative, a confirmation of the award.  Although not styled as a motion, plaintiffs request the court to vacate the award.

**DISCUSSION**

**I.   Rule 12(b)(1) Standard**

A facial challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6).  Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).  The court looks

3

only to the face of the pleadings to determine whether jurisdiction exists. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). All factual allegations are presumed to be true and the motion is successful if the plaintiffs fail to allege an element necessary for subject matter jurisdiction. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

## II.  Subject Matter Jurisdiction

It is undisputed that the court does not have diversity jurisdiction over this matter. Plaintiffs argue, however, that the court has federal question jurisdiction to review the arbitrator's alleged failure to properly apply the Federal Arbitration Act ("FAA").[1] The court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint rule" provides that federal jurisdiction pursuant to section 1331 exists only when a federal question is presented on the face of the plaintiffs' properly pleaded complaint. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

The only federal law mentioned in plaintiffs' complaint is the FAA. Contrary to plaintiffs' argument, the United States Supreme Court has long held that the FAA "does not create any independent

---

[1] Contrary to their position before the arbitrator, plaintiffs now argue that the FAA should have been applied when construing the arbitration clause.

federal-question jurisdiction under 28 U.S.C. § 1331." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983).[2] The Eighth Circuit Court of Appeals has similarly required an independent jurisdictional basis "when a party to an arbitration agreement seeks to have a federal court enforce its provisions." UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992, 995 (8th Cir. 1998) (citations omitted).

Plaintiffs argue that this court has jurisdiction because the Supreme Court in Green Tree Financial Corp. v. Bazzle, 539 U.S. 444 (2003), and the Eighth Circuit in Baesler v. Continental Grain Co., 900 F.2d 1193 (8th Cir. 1990), exercised jurisdiction to decide whether an arbitrator's decision conflicted with the FAA. However, Green Tree does not apply because the Court in that case exercised its jurisdiction under 28 U.S.C. § 1257 to review a final judgment rendered by the highest state court of South Carolina. See 539 U.S. at 447. In Baesler, defendant had removed the case to federal court and the basis for subject matter jurisdiction was not discussed. See 900 F.2d at 1194. The court finds that Baesler

---

[2] Although the Court's decision in Moses specifically mentioned only sections 3 and 4 of the FAA, section 10 also does not establish an independent jurisdictional basis. See Smith v. Rush Retail Ctrs., Inc., 360 F.3d 504, 505 & n. 6 (5th Cir. 2004) (holding that section 10 does not confer subject matter jurisdiction and listing cases from D.C., Second, Sixth, Seventh, Ninth and Eleventh Circuits holding same); see also Pinnavaia v. Nat'l Arbitration Forum, Inc., 2004 WL 2805798 (8th Cir. December 8, 2004) (per curium) ("9 U.S.C. § 10 does not provide an independent jurisdictional basis for filing suit in federal court.").

does not support a finding that the FAA suffices to establish an independent basis for jurisdiction.

Finally, plaintiffs argue that the FAA's preemption of conflicting state law creates a federal question. Plaintiffs' argument fails for two reasons. First, plaintiffs did not allege this jurisdictional basis in their complaint. (See Compl. ¶ 8.) Second, although the Eighth Circuit has not directly addressed the issue, the Fifth Circuit has held that "conflict preemption is a defense, not an independent basis for jurisdiction." Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 683, 684 (5th Cir. 2001) (FAA's alleged preemption of Texas General Arbitration Act does not create federal question). This holding is in line with the principle that only "complete preemption" suffices to state a federal claim when preemption is the alleged federal question. See Caterpillar, 482 U.S. at 393; Krispin v. May Dept. Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Because plaintiffs have not alleged or shown that the FAA completely preempts state law, their argument must fail. For all of the above reasons, this court does not have subject matter jurisdiction.

**CONCLUSION**

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. No. 17] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 12, 2005

                                                <u>s/David S. Doty</u>
                                                David S. Doty, Judge
                                                United States District Court